**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MICROSTRATEGY INCORPORATED, | : |
| Plaintiffs, | : |
| v. | : |
| CRYSTAL DECISIONS, INC. d/b/a Business Objects Americas, | : |
| Defendant. | : Civil Action No. 03-1124-MPT |
| CRYSTAL DECISIONS, INC. d/b/a Business Objects Americas, | : |
| Plaintiff, | : |
| v. | : |
| MICROSTRATEGY INCORPORATED, | : |
| Defendant. | : |

**<u>MEMORANDUM ORDER</u>**

**Introduction**

The matter under consideration involves a dispute over the amount of attorney fees and expenses owed to Crystal Decisions, Inc. d/b/a Business Objects Americas ("BOA") by Microstrategy Incorporated ("Microstrategy"). On March 25, 2008, this court ordered Microstrategy to pay BOA reasonable fees and expenses incurred by BOA after March 14, 2005 for defending against twenty-nine patent claims pursued in bad faith by Microstrategy. The two parties currently dispute what constitutes reasonable fees and expenses.

**Factual and Procedural Background**

On December 10, 2003, Microstrategy sued BOA for infringement of Microstrategy's U.S. Patent Nos. 6,279,033 ("the '033 patent"), 6,567,796 ("the '796 patent") and 6,658,432 ("the '432 patent"). BOA moved for summary judgment, and on January 23, 2006, the court granted, in part, BOA's motion. The court ruled that the '796 and '432 patents were invalid and that BOA had not infringed the '033 patent. The parties stipulated that BOA would dismiss without prejudice its counterclaim seeking a declaration that the '033 patent is invalid. Final judgment was entered on February 23, 2006 and on appeal, the Federal Circuit affirmed.[1]

BOA then sought attorney fees and expenses pursuant to 35 U.S.C. § 285. BOA argued that Microstrategy's suit on the '033 patent was baseless and not narrowed in good faith; that it was clear that the asserted claims of the '796 patent were anticipated, but nonetheless Microstrategy pursued those claims; and that any reasonable attorney would have known that the '432 patent was invalid on some claims, overly broad on others, and clearly anticipated. The court found that BOA is entitled to fees and expenses incurred after March 14, 2005 for defending the '033 patent, the '796 patent, and claims 1, 2, 4 and 5 of the '432 patent. BOA was, however, denied attorney fees and expenses incurred defending claims 6, 9, 10 and 13 of the '432 patent because it did not provide clear and convincing evidence of bad faith litigation concerning those claims. The court then ordered BOA to provide a detailed summary of the time spent defending the bad faith claims, the hourly rates, expense statements and other

---

[1] *See Microstrategy, Inc. v. Bus. Objects America*s, 238 Fed. Appx. 605 (Fed. Cir. 2007).

appropriate documentation consistent with the opinion.

On April 15, 2008, BOA submitted a request for $2,249,387.22 in attorney fees and expenses in accordance with the court's order, $61,815.77 in fees and expenses incurred in the original motion, and an additional $25,758 in fees and expenses for its April 15 submission. BOA submitted over 400 pages of invoices from Townsend and Townsend and Crew ("Townsend") and Young, Conaway, Stargatt & Taylor, LLP ("YCST"), the two law firms who represented BOA in the litigation with Microstrategy, to support its demand. BOA maintains that its attorney fees and expenses cannot be reasonably allocated on an entry-by-entry basis and that the best way to apportion expenditures would be to multiply the total cost of defending against the three patents by 5/6.[2] Thus, BOA multiplied its total amount of attorney fees and expenses, $2,699,372.64, by 5/6 to arrive at the requested amount of $2,249,387.22.

On May 15, 2008, Microstrategy filed its responsive brief in opposition, arguing that the court should dismiss the petition and award nothing to BOA because it failed to submit a detailed accounting of recoverable fees and expenses as the court had ordered. In the alternative, Microstrategy claims that the 5/6 allocation method was improper, and that if the court awards anything to BOA, it should be no greater than $316,057.78. Specifically, Microstrategy argues that BOA is entitled to recover only those attorney fees and expenses that BOA would "not have had to spend but for

---

[2] BOA arrived at this figure by giving equal weight to all three patents and splitting the cost of defense of the '432 patent equally between claims 1, 2, 4 and 5 and claims 6, 9, 10 and 13. BOA argues that this approach is the fairest.

[Microstrategy's] misconduct."[3]  Under this rationale, Microstrategy alleges that none of the defense work attributable to the '432 patent is reimbursable because, as BOA stated, "[m]ost of the work done to defend against '432 claims 6, 9, 10 and 13 was also necessary to defend against '432 claims 1, 2, 4 and 5."

Microstrategy also argues that because BOA's invoices are in "block billing" format, it is difficult to determine how to properly allocate the costs of defending each of the three patents.[4]  Microstrategy notes that of the 1,837 line item entries for fees, only 241 entries refer to work concerning a specific patent or patents.  In addition, in the entries where more than one patent is listed, Microstrategy maintains that it is impossible to determine how much time was devoted to each individual patent.  As a result, it urges the court to deny recovery of any fees related to the '432 patent in its entirety and award attorney fees and expenses of no more than $316,057.78 to BOA.[5]

On May 30, 2008, BOA filed a reply brief arguing that if it had not been forced to litigate Microstrategy's twenty-nine claims pursued in bad faith, then it would not have

---

[3] Citing *Mueller Brass Co. v. Reading Indus., Inc.*, 352 F. Supp. 1357, 1381 (E.D. Pa. 1972).

[4] For example, one July 21, 2005 line entry reads, "[c]onference with Rudd re: '796 and '432; discussion with J. Greco and K. Chang re: same; telephone conference with Jed Greene; telephone conference with D. Eiwanger, telephone conference with J. Wu re: '033; telephone conference with S. Gleason; telephone conference with L. Ma re: same."  BOA was billed 8.9 hours and charged $3,083.85 for that work, but it is unknown how much of that time was spent on each activity.

[5] Microstrategy claims that $556,417 worth of the individual time entries mention at least one of the three patents.  Because of the block billing format, Microstrategy argues that all fees and expenses related to the '432 patent should be excluded, reducing the $556,417 amount to $312,550.  Further, Microstrategy contends that BOA may only recover $3,507.78 of the $225,825.49 expenses it seeks because the invoices refer to specific patents for only three of the 542 expense items.

4

incurred nearly as many expenses as it did. In addition, BOA reaffirms the reasonableness of the 5/6 allocation, and requests an additional $70,049.25 in attorney fees for preparation of its reply brief and exhibits. On June 10, 2008, Microstrategy filed a motion for leave to file a sur-reply brief to respond to the new, hypothetical argument raised in BOA's reply brief. Therein, Microstrategy claims that BOA still has not filed a detailed accounting of the fees and expenses as required by the court and again urges that the 5/6 allocation scheme is flawed because it allows BOA to recover costs that it would have incurred even if Microstrategy had not engaged in any misconduct. On June 20, 2008, BOA filed a response to Microstrategy's sur-reply requesting that the court deny Microstrategy's motion.

**Reasonable Fees and Expenses that May be Awarded Under § 285**

    **Legal Standard**

35 U.S.C. § 285 states, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." In *Beckman Instruments, Inc. v. LKB Produkter AB*, the Federal Circuit held that one of the purposes of awarding attorney fees and expenses under 35 U.S.C. § 285 is to prevent "gross injustice" when a party has litigated in bad faith.[6] In the instant matter, this court previously found misconduct on the part of Microstrategy, so that the basis for an award of attorney fees and costs is to prevent gross injustice. The Federal Circuit has broadly held that when making a § 285 award to prevent gross injustice, "the penalty imposed must *in some way* be related to

---

[6] 892 F.2d 1547, 1552 (Fed. Cir. 1989) (citing *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467 (Fed. Cir. 1985); *Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688 (Fed. Cir. 1984)).

bad faith and misconduct."[7] Further, the determination of the amount of the award is within the discretion of the trial court because the trial judge is "in the best position to know how severely [a party's] misconduct has affected the litigation."[8]

Both parties cite *Beckman* as favorable to their respective positions. There, the plaintiff alleged that five claims of its patent were infringed.[9] The jury found three claims invalid and not infringed and two claims valid and infringed.[10] In addition, the district court found the case to be "exceptional" under 35 U.S.C. § 285 and awarded all of the plaintiff's attorney fees and expenses, except for those related to expert witnesses and consultants.[11] On appeal, the Federal Circuit held that the award of *all* of the plaintiff's attorney fees was improper, since only that "portion of its attorney fees which related to the vexatious litigation strategy and other misconduct," should have been awarded.[12]

On remand, the district court re-reviewed the fees and expenses incurred during the various stages of litigation to determine the amount that should be awarded based on the defendant's misconduct.[13] Where the plaintiff sought expenses associated with

---

[7] *Id.* at 1553 (emphasis added).

[8] *Id.*

[9] *Id.* at 1549.

[10] *Id.*

[11] *Id.* at 1549-50.

[12] *Id.* at 1553. The Federal Circuit noted that the lawsuit began prior to any misconduct by the defendant and thus, the plaintiff would have had to incur substantial legal expenses regardless of the misconduct. *Id.*

[13] *Beckman Instruments Inc. v. LKB Produkter AB*, 17 U.S.P.Q.2d 1190, 1193 (D. Md. 1990), *affirmed by* 930 F.2d 37 (Fed. Cir. 1991).

the deposition and testimony of an expert, the court awarded 75% of the attorney fees and expenses because although the expert's testimony was

> so broad and detailed that undoubtedly he would had [sic] been retained even if [defendant] had not interposed its inequitable conduct counterclaim . . . . much of the costs incurred by [plaintiff] in relation to [the expert's] testimony flowed solely and directly from [defendant's] misconduct.[14]

Although the court noted for the trial phase that calculating the plaintiff's costs related to the extra legal work necessary to counteract the defendant's misconduct would be "simply impossible,"[15] it awarded 40% of plaintiff's total attorney fees and expenses expended for trial.[16]

As acknowledged in *Beckman*, the allowable amount of expenses under § 285 "does not demand an absolutely specific accounting of the costs associated with responding to [a party's] misconduct."[17] Further, when claims involve a common core of facts or are based on related legal theories,

> [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead, the district court should focus on the overall relief obtained . . . in relation to the hours reasonably expended on the litigation."[18]

Where documentation of fees is inadequate, the court still must make a

---

[14] *Id.* at 1195.

[15] *Id.* at 1196.

[16] *Id.* Moreover, the court did not consider the plaintiff's demand of 50% of the expenses incurred for trial to "be inappropriate." *Id*.

[17] *Id*.

[18] *Id.* at 1198 (quoting *Hensley v Eckerhart*, 461 U.S. 424, 434-35 (1983)).

reasonable award of fees under § 285, and should exercise discretion based on its experience in determining reasonable hours and reasonable fees.[19]

**Analysis**

Microstrategy argues that BOA is not entitled to any award because the block billing invoices do not comply with the court's order to provide a detailed summary. In the alternative, Microstrategy argues that BOA's request for fees and expenses is overstated and should be reduced to $316,057.78, the amount of fees and expenses that can be directly attributed to the '796 and '033 patents. Microstrategy criticizes the block billing format for its lack of precision regarding time charged to each patent claim.[20] Further, Microstrategy contends that several invoice entries include general overhead costs which are typically not billed to the client, and thus should not be recoverable by BOA.

Microstrategy also relies on the comment in *Beckman* that the court did not award the full amount of fees because "a large portion of the costs of trial would have been incurred even if [defendant] had not engaged in misconduct."[21] Microstrategy

---

[19] *Slimfold Mfg. Co. v. Kinkead Indus., Inc.*, 932 F.2d 1453, 1459 (Fed Cir. 1991) (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

[20] Microstrategy criticizes the block billing format because it does not indicate how much time was attributable to each task listed or to which patent claim the work was directed. Microstrategy does not, however, criticize as unreasonable the hourly rates charged, the total amount of time allocated for each block of activities, the total amount of fees and expenses charged after March 14, 2005, nor the total amount of time Townsend or YCST spent on the case after March 14, 2005.

[21] *Beckman*, 17 U.S.P.Q.2d at 1198 n.10. Microstrategy claims that this complements the finding in *Mueller Brass Co. v. Reading Indus., Inc.*, where the District

argues that even if it had not engaged in any misconduct, BOA still would have incurred fees to defend claims 6, 9, 10 and 13 of the '432 patent, and thus, a substantial portion of the fees requested by BOA is not recoverable.

The court generally does not find Microstrategy's arguments convincing.

The court has reviewed BOA's invoices and concludes that the overwhelming majority of the fees and costs incurred are related to Microstrategy's misconduct and bad faith. Although many of the entries do not address a specific patent, they describe conduct and tasks consistent with and necessary in patent litigation.[22] Such litigation work and related fees and expenses are clearly related to Microstrategy's misconduct, as twenty-nine of the thirty-three claims were found to be improperly pursued.

As noted under *Beckman*, BOA is not required to submit "an absolutely specific accounting of the costs" associated with defending the twenty-nine claims. Therefore, the court need not nor is it required to determine precisely what fees and expenses are solely attributable to defending those patent claims made in bad faith. The court is satisfied with BOA's submission of its extensive invoices that contain descriptions of the

---

Court for the Eastern District of Pennsylvania held that the purpose of § 285 "is to compensate a prevailing party for monies which he had to spend which he would not have had to spend but for the losing party's misconduct." 352 F. Supp. 1357, 1381 (E.D. Pa. 1972). That finding is not conclusive in the instant matter. The *Mueller* court found no misconduct and, as a result, did not award any fees under § 285. Therefore, the *Mueller* decision offers no analysis of or an explanation of how it would apply the "but for" rule.

[22] For example, many of the block entries include billing for general litigation activities such as preparing and conducting depositions, teleconferencing with attorneys and clients concerning aspects of the litigation and strategy, preparing motions and expert reports, and attending team trial meetings.

type of work performed, the billing rates and the amount of hours expended.  Although under the block billing format, most fees and expenses are not expressly linked to a specific patent, the court, in its discretion, can determine the appropriate award.  Case law only requires that "the penalty imposed must in some way be related to bad faith and misconduct."[23]  It does not require that the legal work performed *solely* resulted from a party's misconduct.  Further, most of the defenses asserted against the three patents were based on "a common core of facts" and/or "related legal issues."  Thus, contrary to Microstrategy's stance, an award for attorney fees and costs needs only to relate to its misconduct in improperly pursuing certain patent claims.[24]

In *Beckman,* the Federal Circuit found that significant legal expenses were incurred by the plaintiff regardless of the defendant's misconduct, because that misconduct occurred after litigation began.[25]  This court has already eliminated substantial legal expenses incurred by BOA by limiting the award to after March 14, 2005, when the misconduct began.  Unlike the plaintiff in *Beckman*, BOA would not have continued to incur significant legal fees absent any misconduct by Microstrategy

---

[23] *Beckman Instruments Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1553 (Fed. Cir. 1989).

[24] This conclusion is consistent with the March 25, 2008 order which states, "BOA is entitled to fees and expenses incurred after March 14, 2005 defending the '796 patent, the '033 patent, and claims 1, 2, 4 and 5 of the '432 patent."  In so ordering, the court found that BOA was entitled to fees and costs on approximately 88% of the claims raised and pursued by Microstrategy.

[25] *Beckman*, 892 F.2d at 1553.  The court then noted that "[i]t was only after the lawsuit was begun that [the defendant] engaged in misconduct, requiring [the plaintiff] to expend *extra* legal effort to counteract their misconduct."  *Id.* (emphasis in original).

because it would have only had to defend four claims on one patent, rather than thirty-three claims on three patents. BOA was required not only to respond to Microstrategy's allegations, but also to continue to defend against those claims and finally succeeded against all of them. The more patents that are asserted, the more complicated a case becomes, which required BOA to deal with each patent and its claims for purposes of claim construction, invalidity, and noninfringement arguments and for many damages issues.

Further, the overhead costs of which Microstrategy complains amounts to a little more than $4,100 in fees.[26]

Therefore, BOA's allocation is not inappropriate, and its submission for $2,249,387.22 in fees and costs, less the charges related to overhead costs, is granted.[27]

**Cost of Filing Briefs**

**Legal Standard and Analysis**

Awards under § 285 include "the fee for the reasonable time expended in preparing the elaborate fee application and briefs filed herein."[28] BOA requests

---

[26] As noted in the second declaration by Joseph A. Greco, Esq. ("Greco declaration"), the total amount of hours about which Microstrategy complains, 7.7 hours, multiplied by counsel's hourly rate of $595 results in a $4,581.50 charge, to which Townsend's standard 10% discount to BOA is applied for a final total of $4,123.35. Mr. Greco is the primary or lead counsel representing BOA's in pursuit of its fees and costs.

[27] Roughly $4,100 in fees appear to be overhead type charges which the court would normally expect to be incorporated in counsel's hourly rate.

[28] *Scott Paper Co. v. Moore Bus. Forms, Inc.*, 604 F. Supp. 835, 838 (D. Del. 1984) (citing *Central Soya Co. v. Geo. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir.

11

$61,815.77 incurred in briefing its motion for fees and expenses which was completed in April 2006.  BOA also requests $25,758 in fees incurred in preparing its April 15, 2008 submission.[29]  Finally, BOA requests $70,049.25 in fees and expenses incurred in responding to Microstrategy's opposition brief.[30]  The total amount of attorney hours expended in preparing the April 2008 submission in support of the fees and costs requested was 47.7.  However, for the reply brief and exhibits, 146.7 attorney hours, over three times the initial hours, were expended.  Moreover, despite the assistance from a partner, who has an expertise in attorney fees' petitions in federal courts, and an associate for the reply brief and exhibits, primary counsel's time nearly doubled to 85.6 hours for that submission.  In support of the reply brief, a second declaration was submitted which analyzed and responded in detail to the arguments raised by Microstrategy in its answering brief.  A substantial declaration had also been filed in support of the opening submission, which explained BOA's bases for fees and costs. From a review of counsel's two declarations and the attachments thereto, more legal evaluation and analysis were required in preparing the second declaration.  The court,

---

1983)).

[29] According to the Greco declaration, that amount reflects 47.7 hours in services provided by counsel related to that submission multiplied by his hourly rate of $540 (which includes the 10% discount to BOA).

[30] That amount reflects 44.1 hours charged by a partner at the discounted hourly rate of $427.50 for total of $18,852.75, plus 17 hours charged by an associate attorney at the discounted hourly rate of $292.50 for an amount of $4,972.50 and lead counsel's 85.6 hours at the discounted hourly rate of $540 for an amount of $46,224.00.  The total amount charged for all three attorneys' work on the reply brief and exhibits is $70,049.25.  As a result, the total charges BOA is requesting for the present briefing is $95,807.25.

however, finds that the amount of attorney time expended for the reply submission to be excessive as evidenced by the time expended for the motion and briefing in support of the fee application and for the April 2008 submission.  As a result, $50,825.25 is awarded in fees and expenses for the reply brief and related materials.[31]  Therefore, the total amount of fees and expenses awarded to BOA for the fee application and briefing is $138,399.02.

**Conclusion**

For the reasons contained herein, IT IS ORDERED and ADJUDGED that BOA's submission (D.I. 273) for fees and costs is granted in part and denied in part:

1.  Judgment in the amount of $2,245,263.87 for attorney fees and costs in defense of the '796 patent, the '033 patent, and claims 1, 2, 4 and 5 of the '432 patent after March 14, 2005 is entered in favor of BOA against Microstrategy.

2.  In addition, judgment in the amount of $138,399.02 in attorney fees and costs for the fee application and related briefing is entered in favor of BOA against Microstrategy.

IT IS FURTHER ORDERED, that since the court considered the arguments presented by Microstrategy in its motion to file a sur-reply brief (D.I. 293), that motion is moot.

Date:  November 19, 2008              /s/ Mary Pat Thynge
                                      UNITED STATES MAGISTRATE JUDGE

---

[31] Considering the amount of hours expended by lead counsel for the opening brief and exhibits, for the reply submission, his total hours are reduced to 50, which cuts his fees to $ 27,000.